IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA MANDELSTEIN and MICHELLE MANDELSTEIN, | ) ) ) |
| Plaintiffs, | ) Case No. 17-cv-9216 ) |
| v. | ) Judge Robert M. Dow, Jr. ) |
| LINDA RUKIN and MOONSTONE ASSET MANAGEMENT, INC. | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Linda Rukin's motion for sanctions [48]. For the reasons set forth below, the motion [48] is denied.

## STATEMENT

On December 21, 2017, Plaintiffs Barbara and Michelle filed this suit against two defendants, Linda Rukin and Moonstone Asset Management, Inc. ("Moonstone").[1] The core of the complaint was the same as a suit that Barbara previously filed—and lost—in Probate Court. The Court has discussed the history of these cases extensively (see [41] and [59]) and in this order provides only a brief description of the facts most relevant to the motion at issue. In the Probate Case in state court, Barbara, as executor of her husband's estate, sued her father-in-law. She sought proceeds from a sale of assets from her father-in-law to Moonstone, which she claimed were part of her late husband's estate. When her father-in-law died, his estate was substituted as a defendant in the Probate Case. Rukin is the executor of that estate. The Probate Court found for Barbara on some issues and against her on many. Barbara and her daughter, as beneficiaries of her husband's estate, then brought this case in federal court. They sued Rukin and Moonstone for their roles in the sale of assets to Moonstone.

On January 19, 2018, Rukin's attorneys sent Plaintiffs' attorneys a letter asserting an intention to file for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 if Plaintiffs did not drop their claims against Rukin and Moonstone. The letter argued that the claims against Rukin and Moonstone were barred by res judicata and collateral estoppel and failed to state a claim for either tortious interference or unjust enrichment. They attached a draft motion for sanctions under Rule 11, asserting that the claims against Rukin were not warranted by existing law.

---

[1] Because so many of the relevant players in the dispute have the same last name, the Court uses first names where necessary to avoid confusion.

Rukin answered the Complaint and also filed a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), arguing that the Complaint was barred by res judicata and collateral estoppel and also failed to state a claim for either tortious interference or unjust enrichment [12]. Moonstone also filed a motion to dismiss [22]. This Court issued an order expressing the view that the claim against Rukin likely was barred by res judicata, but denied both motions without prejudice due to the procedural posture of the state court litigation. See [41]. The Illinois Appellate Court had affirmed the Probate Court's judgment, but the time for Barbara to file a petition for rehearing or petition for leave to appeal to the Illinois Supreme Court had not yet expired. Because of conflicting decisions from Illinois courts, it was not clear whether there was a final judgment in the probate case at that time.

After Barbara's time to petition for rehearing or petition for leave to appeal to the Illinois Supreme Court expired without any request for review [see 42], Plaintiffs in the federal case moved to voluntarily dismiss Rukin as a defendant, with prejudice, on October 16, 2018. See [43]. The Court granted the motion on October 25, 2018. See [47]. As of that date, only Moonstone remained a party to this litigation. On November 16, 2018, counsel for Rukin sent an email to Plaintiffs' attorneys advising that they intended to file a motion for Rule 11 sanctions in 21 days "absent some litigation-terminating agreement among all parties." Attached to the email was a draft motion for sanctions that was similar to the January 19, 2018 draft but added a request under 28 U.S.C. § 1927 and added argument and citations based on the Court's September 14, 2019 discussion of the res judicata issue. This draft, like the prior one, asserted that the claims against Rukin were not warranted by existing law. On December 10, 2018, Rukin's attorneys filed the November 16 draft motion for sanctions.

**Rule 11 Sanctions**

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11. Rule 11 establishes that each time an attorney presents a pleading to the court, he "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that (1) it is "not being presented for an improper purpose," (2) "the claims are warranted by existing law," and (3) "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). A court may impose sanctions not only on an attorney but also "on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. In particular, a frivolous argument or claim is one that is 'baseless and made without a reasonable and competent inquiry.'" *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). In determining whether to impose sanctions, a court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citations and internal quotation marks omitted).

Rukin argues that Plaintiffs' Complaint was frivolous because it was obviously barred by *res judicata*. [48]. While there were substantial similarities between the probate case complaint and federal complaint, including identical language in some places, Plaintiffs' federal complaint did contain factual allegations against Rukin that were not included in the complaint in Probate Court and did attempt to raise issues that Plaintiffs believed had not been addressed by the Probate

Court. Those positions were wrong (see [41] and [59]), but not so groundless as to warrant sanctions. Compare with *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 778 and 782 (7th Cir. 1986) (sanctions appropriate where plaintiff's "ten year history of litigation demonstrate[d] her penchant for harassing the defendants" and the appeal was the "thirteenth time she ha[d] been before the court" seeking relief from the same alleged wrong) and *Prachand v. Gov't of India Tourist Office*, 1992 WL 245523, at *3 (N.D. Ill. Sept. 22, 1992) (granting sanctions when plaintiff, instead of appealing or moving to reconsider state court summary judgment ruling against him, filed a new, virtually identical complaint involving the exact same parties). Because the claims against Rukin do not qualify as frivolous, Rule 11 sanctions are not appropriate.

In hindsight, with the benefit of multiple rounds of briefing and now three opinions, the Court recognizes that better case management might have saved a good deal of work for all concerned. Plaintiffs' attorneys could have been more careful in their filings. A more thoughtful analysis of cases on res judicata might have discouraged Plaintiffs' attorneys from pursuing claims against Rukin. They also should have realized that Seventh Circuit recognizes "substantial compliance" with the safe harbor requirement of Rule 11(c)(2). Compare *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 808 (7th Cir. 2003) ("Defendants have complied substantially with Rule 11(c)(1)(A) and are entitled to a decision on the merits of their request for sanctions under Rule 11") with Plaintiffs' attorney's assertion: "Because there was only a letter and no formal motion for sanctions, the safe harbor provisions did not begin to run." [50] at 4)[2]. Counsel's response to the motion for sanctions also failed to respond to Rukin's argument that counsel themselves should face sanctions under 28 U.S.C. § 1927. But Defendants, too, might have suggested a different course. They could have moved for a stay of the entire case pending the outcome of the state court proceedings even before filing their responsive pleading. The docket reflects no such motion, nor does the Court recollect any discussion of a stay, or any mention in the initial joint status report that holding the case in abeyance might be a wise course given the potential for an issue or case dispositive ruling from the Illinois courts. Perhaps if the Court better understood the relationship between the state and federal litigation at the outset, it too could have proactively suggested (or even imposed on its own motion) a stay. In short, even if Plaintiffs and their lawyers bear the lion's share of the responsibility for what now seems to be imprudent litigation, there is enough blame to go around to save Plaintiffs (and their counsel) from the heavy hand of Rule 11.

Two other aspects of the Rule 11 motion merit brief discussion. First, in regard to timing: courts in this circuit have found sanctions appropriate, at least in some circumstances, when the motion was filed after a final judgment in the case. *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011) (defendant's motion for sanctions, filed 23 days after dismissal, was not untimely when defendant put plaintiff on notice by letter two weeks after plaintiff filed the complaint (and two years before dismissal)); *Accord Golden v. Helen Signman & Assocs., Ltd.*, 611 F.3d 356, 363 (7th Cir. 2010) (motion for sanctions not untimely when served four months after filing of final amended complaint and when filed thirteen months later); see also *In re Dairy Farmers of America, Inc.*, 80 F. Supp. 3d 838 (N.D. Ill. 2015). In each of those cases, however, the moving party provided notice *before* final judgment, which gave the other party an opportunity to cure whatever defect the moving party complained of. Here, in contrast, Rukin

---

[2] Plaintiffs' attorney's statement appears factually incorrect as well; Rukin's attorneys attached a draft motion for sanctions to both the January 19, 2018 email (see [50-1] at 8-10) and the November 16, 2018 email (see [50-3] at 3-7).

3

served notice *after* final judgment had been entered. By the time they received the notice at issue here, Plaintiffs had no opportunity to cure the defect against Rukin, because Rukin was no longer a party in the case.

Second, in regard to the requested relief, instead of asking that the complaint be dismissed as to her—which was too late in any event—Rukin asked Plaintiffs to end litigation against Moonstone, the remaining defendant. [51-3] at 2. The Court understands Rukin's concerns about litigation against Moonstone dragging on, as Rukin and her father's estate are indemnifying Moonstone for the cost of this litigation. But the claim against Moonstone, though ultimately unsuccessful, was not as weak as the claim against Rukin. And the use of sanctions as a bargaining chip regarding Plaintiffs' claims against another party gives the Court pause, for the Seventh Circuit has cautioned that "the district court judge should not tolerate turning the Rule 11 motion into a method of intimidation." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1123 (7th Cir. 1992).

The foregoing discussion persuades the Court that an admonishment to counsel, rather than a monetary sanction under Rule 11, will be sufficient to serve the purposes of specific and general deterrence. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404, 110 S. Ct. 2447, 2460, 110 L.Ed.2d 359 (1990) (stating that the goal of Rule 11 is specific and general deterrence). In the Court's judgment, sanctions under Rule 11 are not appropriate. See *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998) ("The district court has significant discretion in determining what sanctions, if any, should be imposed for a violation") (citing Fed. R. Civ. Pro. 11, Advisory Committee's Notes (1993 Amendments)).

**Sanctions under 28 U.S.C. § 1927**

Rukin also moves for sanctions under 28 U.S.C. § 1927. Pursuant to § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States *** who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An attorney runs afoul of § 1927 if he: (1) 'act[s] in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice'; or (2) files a claim that lacks 'a plausible legal or factual basis [or] justification.'" *Webb v. Frawley*, 906 F.3d 569, 583 (7th Cir. 2018) (quoting *Burda v. M. Ecker Co.*, 2 F.3d 769, 777 (7th Cir. 1993)). "While an attorney's subjective bad faith is sufficient to impose § 1927 sanctions, a court need not make such a finding." *Estate of Perry v. Wenzel*, 872 F.3d 439, 463 (7th Cir. 2017). "Rather, a finding of objective bad faith will support an award of sanctions." *Id*. "An award of fees under § 1927 is given solely to the discretion of the district court." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988); *Rojas v. Town of Cicero, Ill.*, 775 F.3d 906, 908 (7th Cir. 2015); see also *Globaltap, LLC v. Cantwell & Cantwell*, 2018 WL 3190823, at *1 (N.D. Ill. Mar. 21, 2018).

In the exercise of its discretion, the Court concludes that sanctions under § 1927 are not appropriate here. Though ultimately unpersuasive, Plaintiffs' counsel's pleadings and arguments were not frivolous, as discussed above. They did not show a "serious and studied disregard for the orderly process of justice." *Webb*, 906 F.3d at 583. Nor did Plaintiffs' position entirely lack

a plausible legal or factual basis or justification, despite not being a winning case. *Id.* Therefore, the Court cannot conclude that Plaintiff's counsel acted in an objectively unreasonable manner worthy of sanctions under Section 1927. See *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 801 (7th Cir. 2013) (affirming denial of motion for sanctions under § 1927 when plaintiff's arguments were "ultimately unpersuasive" but not frivolous).

Rukin points out that Plaintiffs did not address the issue of sanctions under 28 U.S.C. § 1927 in their reply brief. As a result, Rukin claims, any argument against those sanctions is waived and "sanctions thereunder should be allowed as unopposed." [51] at 1. But Rukin cites no cases suggesting that a non-moving party's failure to respond to an argument regarding 28 U.S.C. § 1927 renders a decision about whether to impose sanctions outside the would-be sanctioning judge's discretion. Although Plaintiff's counsel's failure to address the issue in the response brief was ill-advised, it does not warrant sanctions under § 1927.

## CONCLUSION

For these reasons, Defendant Rukin's motion for sanctions [48] is denied.

Dated: August 16, 2019

_____
Robert M. Dow, Jr.
United States District Judge